SLT:TJS/AHT
F. #2014R00150/OCDETF #NYNYE-653

FILED
CLERK

2014 SEP 24 PM 1:13

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MARTIN LEONEL PEREZ CASTRO,
  also known as "Richard,"

    Defendant.

- - - - - - - - - - - - X

<u>S U P E R S E D I N G
I N D I C T M E N T</u>

Cr. No. 14-465 (S-1) (RJD)
(T. 21, U.S.C., §§ 848(a), 848(b), 848(c),
853(a), 853(p), 959(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii) and 963; T. 18, U.S.C.,
§§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2, 3238
and 3551 <u>et</u> <u>seq</u>.)

THE GRAND JURY CHARGES:

[redacted]

1





## COUNT ONE
(Continuing Criminal Enterprise)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between July 2009 and July 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, also known as "Richard," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant MARTIN LEONEL PEREZ CASTRO committed violations of Title 21, United States Code, Sections 952(a), 959(a), 960 and 963, which violations were part of a continuing series of violations of those statutes undertaken by the defendant MARTIN LEONEL PEREZ CASTRO, the principal administrator, organizer and leader of the continuing criminal enterprise, in concert with five or more other persons, with respect to whom the defendant MARTIN LEONEL PEREZ CASTRO occupied a supervisory and management position, and from which continuing series of violations the defendant MARTIN LEONEL PEREZ

CASTRO obtained substantial income and resources, and which enterprise received in excess of $10 million in gross receipts during one or more twelve-month periods for the manufacture, importation and distribution of cocaine. Each violation involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Four set forth below:

Violation One
(International Cocaine Manufacture and Distribution Conspiracy)

8. In or about and between July 2009 and July 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, together with others, did knowingly and intentionally conspire to manufacture and distribute a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963. The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him was five kilograms or more of a substance containing cocaine.

Violation Two
(International Cocaine Manufacture and Distribution)

9. In or about and between July 2009 and November 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the

defendant MARTIN LEONEL PEREZ CASTRO, together with others, did knowingly and intentionally manufacture and distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Three
(International Cocaine Distribution)

10. In or about and between June 2012 and July 2012, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Four
(International Cocaine Distribution)

11. In or about January 2013, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title

5

21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(International Cocaine Manufacture and Distribution Conspiracy)

12. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between July 2009 and July 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, also known as "Richard," together with others, did knowingly and intentionally conspire to manufacture and distribute a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT THREE
(International Distribution of Cocaine)

14. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between July 2009 and November 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, also known as "Richard," together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT FOUR
(International Distribution of Cocaine)

16. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between June 2012 and July 2012, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, also known as "Richard," together with others, did knowingly and intentionally distribute five kilograms or more of a substance

containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT FIVE
(International Distribution of Cocaine)

18. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

19. In or about January 2013, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, also known as "Richard," together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT SIX
(Use of Firearms)

20. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between July 2009 and July 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MARTIN LEONEL PEREZ CASTRO, also known as "Richard," together with

others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One through Five, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes, one or more of which firearms was brandished and discharged, and one or more of which firearms was a machinegun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

22. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of his interest in, claims against and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to the following: a sum of money in the amount of at least $100 million in United States currency.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO, THREE, FOUR AND FIVE

24.    The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two, Three, Four and Five, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including but not limited to the following: a sum of money in the amount of at least $100 million in United States currency.

25.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*[signature]*
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: *[signature]*
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

11

F.#2014R01291/OCDETF #NYNYE653

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL   DIVISION

THE UNITED STATES OF AMERICA

*vs.*

MARTIN LEONEL PEREZ CASTRO,
also known as "Richard,"

Defendant.

# INDICTMENT

(T. 21, U.S.C., §§ 848(a), 848(b), 848(c), 853(a), 853(p), 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2, 3238 and 3551 et seq)

*A true bill.*

_____
*Foreman*

Filed in open court this _____ day,

of _____ A.D. 20 ___

_____
*Clerk*

Bail, $ _____

Amir H. Toossi, Assistant United States Attorney, (718) 254-6176